UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LARRY SPARKS,

    Plaintiff,                        CASE NO. 04-CV-10332-BC

v.                                DISTRICT JUDGE DAVID M. LAWSON
                                    MAGISTRATE JUDGE CHARLES BINDER

COUNTY OF SAGINAW,
SAGINAW POLICE DEPARTMENT,
MARK SCOTT, JASON BALL,
SAGINAW COUNTY BOARD
OF COMMISSIONERS, and
CITY OF SAGINAW,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that this case be **DISMISSED WITH PREJUDICE** for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.2.

**II.    REPORT**

Plaintiff filed his *pro se* complaint on January 3, 2005, naming the Saginaw Police Department, Officers Mark Scott and Jason Ball, the City of Saginaw, Saginaw County, and the Saginaw County Prosecutor as Defendants. (Dkt. 3.) By order of U.S. District Judge David M. Lawson, this case was referred to the undersigned Magistrate Judge for general case management one week later. (Dkt. 4.) The Saginaw Police Department, the City of Saginaw, and Officers Scott and Ball filed their answer on February 9, 2005. (Dkt. 6.)

On June 14, 2005, I issued an order requiring the parties to meet pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and scheduled July 21, 2005, for the initial conference pursuant to Rule 16 of the Federal Rules of Civil Procedure. (Dkt. 7.) As is the standard practice of this Magistrate Judge, and pursuant to Rule 26(f), this order required Plaintiff, whether or not represented by counsel, to "organize the parties and prepare to assist the Court in the speedy issuance of a scheduling order" by "conduct[ing] a meeting in person or by telephone with opposing counsel" no later than June 27, 2005. (Dkt. 7 at 1.) It was also noted that service had not yet been completed upon the other defendants named in Plaintiff's complaint. As a result, an Order to Show Cause was issued, requiring that Plaintiff show cause in writing on or before July 5, 2005, "why a Report and Recommendation should not issue recommending the dismissal of Defendants Saginaw County and Saginaw County Board of Commissioners for failure to serve them with the summons and complaint" within the time limits set forth in Rule 4 of the Federal Rules of Civil Procedure. (Dkt. 7). Plaintiff responded to the Order to Show Cause by requesting additional time to complete service upon these Defendants. On July 5, 2005, the request was granted in part, and Plaintiff was given until the July 21, 2005, conference to provide proof of service upon these two Defendants.

The initial status conference was held on July 21, 2005. Counsel for the City Defendants appeared, however, Plaintiff failed to appear. Counsel for the City Defendants represented that neither he nor any members of his law firm had received any notification from Plaintiff seeking to conduct the meeting required by the Court's earlier scheduling order. No proof was offered that the County Defendants named in the complaint had been served. Counsel for the City Defendants suggested that dismissal for want of prosecution could be appropriate.

"Even a *pro se* litigant, whether a plaintiff or defendant, is required to follow the law." *Williams v. Sears, Roebuck and Co.*, 143 F. Supp. 2d 941, 947 (W.D. Tenn. 2001). As the U.S. Supreme Court stated in *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993), "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *Id*. at 113.

Rule 41(b) of the Federal Rules of Civil Procedure states:

> **(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

The Local Rules of this court provide the following:

> Subject to Fed. R. Civ. P. 23(e) and LR 81.8, when it appears that the court lacks subject matter jurisdiction or that the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown. An application for a continuance or pending discovery may not preclude a dismissal for failure to prosecute.

E.D. Mich. LR 41.2.

A dismissal for want of prosecution is proper if, in view of the entire procedural history of the case, a litigant has not manifested reasonable diligence in pursuing the cause of action. *Bomate v. Ford Motor Co.*, 761 F.2d 713 (D.C. Cir. 1985). In that case, the Court of Appeals held that dismissal for lack of prosecution was not an abuse of discretion where the trial court repeatedly warned plaintiff and plaintiff's counsel of the consequences of further delay, and the record revealed repeated frustration of the pretrial process caused by plaintiff's continuing refusal to cooperate with her own attorneys. The court stated that despite the severity of a dismissal for want

of prosecution, a federal district court clearly has the authority to do so when necessary to prevent unfair prejudice and delay. *Id. See also U.S. Inv. & Development Corp. v. Cruz*, 780 F.2d 166 (1st Cir. 1986).

In this circuit, although compliance five days late with a court order does not justify the imposition of dismissal for want of prosecution (*see Patterson v. Grand Blanc Township*, 760 F.2d 686 (6th Cir. 1985)), dismissal of a Title VII action for want of prosecution is not an abuse of discretion where counsel twice failed to appear. *Coston v. Detroit Edison Co.*, 789 F.2d 377 (6th Cir. 1986). Judge LaPlata, of this Court, dismissed a case nineteen months after its filing, finding that plaintiff took no meaningful efforts to prosecute his lawsuit in a diligent manner. *Snavley v. Redman*, 107 F.R.D. 346 (E.D. Mich. 1985). In the process, Judge LaPlata held that neither Rule 41(b) nor the provisions of then Local Rule 20 specifically required a finding that plaintiff was attempting to delay a trial, and that a dismissal under these rules was not precluded by the fact that plaintiff was indigent and incarcerated. *Id*. at 347-48. After finding that plaintiff failed to bring forward his case, that his inaction appeared to be without justification, and that the defendant was prejudiced, the Judge granted a motion to dismiss.

*Pollitt v. General Motors Corp.*, 894 F.2d 858 (6th Cir. 1990) is instructive. There, as here, plaintiff was proceeding *pro se*. Plaintiff appealed the district court adoption of a magistrate's report and recommendation for dismissal without prejudice for want of prosecution. As in this case, the plaintiff was given notice that dismissal was possible. The Sixth Circuit affirmed the dismissal without prejudice, citing both FED. R. CIV. P. 41(b) and earlier Sixth Circuit precedent for the proposition that a district court has the inherent authority to dismiss an action for failure to comply with the court's orders and for want of prosecution. I suggest that a similar result should obtain in this case.

Although Plaintiff has successfully served some of the defendants listed in his complaint, he has done almost nothing else. He has failed to serve other defendants even though given additional time to do so. In the Order to Show Cause Plaintiff was warned that defendants could be dismissed for failure to comply with this Court's directives and those of the Federal Rules of Civil Procedure. (Dkt. 9). Plaintiff has failed to conduct the meeting with opposing counsel required by this Court's initial scheduling order. Plaintiff failed to appear at the scheduled initial status conference, even though he received notice of that conference in more than one document. (Dkts. 7 & 11.)

I therefore suggest that Plaintiff is no longer making any meaningful effort to prosecute his lawsuit in a diligent manner as required by this Court's Local Rules and by Rule 41(b) of the Federal Rules of Civil Procedure. In light of Plaintiff's essentially complete failure to bring forward this suit, the continuation of this case prejudices those defendants already served. Accordingly, dismissal of this case with prejudice for failure to prosecute is appropriate.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                              s/ *Charles E. Binder*
                                              CHARLES E. BINDER
Dated: July 21, 2005              United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on John A. Decker, and served in the traditional manner on Larry Sparks and Honorable David M. Lawson.

Dated:  July 21, 2005                      By    s/Mary E. Dobbick
                                                     Secretary to Magistrate Judge Binder